**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SUNDAY DIXON OREKOYA,
        Plaintiff,

    v.                                          CIVIL ACTION NO. 15-10657-NMG

ANDREW RAINER, ET AL.,
        Defendants.

**MEMORANDUM AND ORDER**

**GORTON, J.**

### Background

On March 4, 2015, plaintiff Sunday Dixon Orekoya ("Orekoya"), a frequent filer, filed a self-prepared civil rights complaint against a number of law firms, lawyers, and the American Civil Liberties Union Foundation of Massachusetts ("ACLUFM"). Specifically, these defendants include: (1) Andrew Rainer; (2) Shapiro, Haber and Urmy, LLP; (3) John Reinstein; (4) ACLUFM; (5) Gorgon Messick Jones, III; (6) Nixon Peabody, LLP; and (7) unnamed defendants.

The named defendants in this action are Orekoya's former attorneys (and law firms) who represented him in a district court suit involving a discrimination claim brought under 42 U.S.C. § 1981, along with claims of interference with employment and invasion of privacy, from 1992-2003. See Orekoya, et al. v. Mooney, et al., Civil Action No. 92-11794-MEL (judgment for defendants), aff'd No. 02-1306 (1st Cir. May 15, 2003).[1] Orekoya generally alleges that the defendants engaged in obstruction of justice and conspiracy with Assistant United States Attorney Barbra Healy-Smith, in violation of his constitutional rights. He also asserts various failures of the defendants with respect to their representation and the presentation of evidence in

---

[1] The matter arises out of Orekoya's dealings with the United States Secret Service in 1989, when, in front of co-workers, he was removed from his desk at work, questioned by the defendant, and thereafter charged with sexual assault. This 1989 incident allegedly led to his termination from his employment.

his 1992 case. In this regard, Orekoya states that in 2005 he had filed a Rule 60(b) motion before Judge Lasker in which he alleged fraud on the court with respect to probative evidence he claims was not made part of the District Court record. He claims that various judges have determined that his alleged probative evidence was not made part of the record and thus the purported evidence was not preserved (for appeal). Orekoya contends his attorneys were very experienced, but knowingly withheld probative evidence and failed to take any remedial action within a year of the adverse decision against him. On January 11, 2006, Judge Lasker denied the Rule 60(b) motion. See Orekoya, et al. v. Mooney, et al., Civil Action No. 92-11794-MEL, Order (Docket No. 13-1).

Count I of the instant complaint alleges violation by the defendants (collectively) of 42 U.S.C. § 1983. Count II alleges fraud/deception and unfair practices in violation of Mass. Gen. Laws ch. 93A, § 9. Count III alleges Breach of Contract (Express or Implied). Count IV alleges Breach of Fiduciary Duty. Count V alleges a violation of 42 U.S.C. § 1985(2) and (3). Count VI alleges Intentional Infliction of Emotional Distress. Count VII alleges Defamation. Count VIII alleges an unspecified constitutional violation (presumably pursuant to the Massachusetts Bill of Rights).

As relief, Orekoya seeks, *inter alia*, $3,447,786.00 in damages, plus 12% interest since March 2000, as well as treble punitive damages.

Orekoya paid the $400.00 filing and administrative fees of the Court. In light of this, on March 5, 2015 summonses issued by the Clerk's Office; however, on March 20, 2015, this Court issued an Order Rescinding Summonses (Docket No. 11). In that Order, this Court referenced a prior civil action, Orekoya v. Rainer, et al., Civil Action No. 13-11964-NMG, in which he was advised that his 2013 case against his former attorneys was subject to dismissal and that he could be subject to sanctions, including a sanction of $1,000.00. Id., Memorandum and Order (Docket No. 12-1).

Specifically, the Memorandum and Order stated, in relevant part that:

This Court finds that plaintiff's ceaseless assertion of frivolous claims against former counsel is abusive and vexatious, thus warranting the imposition of sanctions and an additional filing restriction.

Id. at 5.

In light of this finding, this Court directed Orekoya to show good cause why his action should not be dismissed in its entirety, why he should not be sanctioned $1,000.00, and why he should not be enjoined from filing any additional or new claims, cases, complaints, or other documents in this District concerning the alleged actions or inactions of the defendants without first obtaining written approval of a judge of this Court. Id. Thereafter, from September 13, 2013 through January 14, 2015, Orekoya filed a number of pleadings seeking relief. These included an Objections and Response to Order to Show Cause (Docket No. 14), a Motion for Leave to File an Amended Complaint (Docket No. 15), a Motion for Relief from Order (Docket No. 16), a Request for Written Approval of the Court to file an Amended Complaint (Docket No. 18), an Addendum in Support of his Show Cause Response (Docket No. 19), an Affidavit of Merit (Docket No. 20), a Praecipe for Re-Issuance of Summons (Docket No. 22), and another Addendum in Support of his Response to Show Cause Order (Docket No. 23).

Significantly, on March 4, 2015, Orekoya filed a Notice of Dismissal of the 2013 case (Docket No. 24) pursuant to Fed. R. Civ. P. 41(a)(1). Immediately after filing the Notice of Dismissal, Orekoya filed a virtually identical suit (the instant action) the same afternoon.[2]

On July 21, 2015, Orekoya filed a Motion for Summary Judgment (Docket No. 12) and a Memorandum in Support (Docket No. 13), along with exhibits. On August 12, 2015, he filed a Notice of Lawsuit and Request for Waiver of Service of Summons (Docket No. 14) with respect to each defendant.

---

[2]It is unclear why, after the filing of responses to the Memorandum and Order to show cause, and various other motions, Orekoya filed his Notice of Dismissal. Presumably, he sought to have his case assigned to a different District Judge and/or avoid the imposition of a $1,000.00 sanction from the Court and other sanctions.

On August 25, 2015, Orekoya filed a Motion for Relief from Order date 3/21/2015 (Docket No. 15) and a Certification in Compliance with Rule 11(b)(2)(3) and (4) of the Federal Rules of Civil Procedure (Docket No. 16).  In his Motion for Relief, Orekoya seeks to invoke Rule 60(b) of the Federal Rules of Civil Procedure on the grounds that he mistakenly did not include in his response to the show cause order the certification required under Rule 11.

**Discussion**

As this Court noted in the Memorandum and Order in Orekoya v. Rainer, et al., Civil Action No. 13-11964-NMG, Orekoya's claims against his former attorneys were deemed to be abusive and vexatious, as they rested on his belief "that, over twenty years ago, his former counsel provided flawed legal representation." Id., Memorandum and Order (Docket No. 12-1 at 5) (entered September 6, 2013).  This Court also noted that in a case before Chief Judge Saris, Orekoya was advised that he could be subject to sanctions should he make any additional submissions concerning the alleged misconduct of the defendants in connection with Judge Lasker's 1992 action.  See Orekoya v. Rainer, et al., Civil Action No. 13-11061-PBS, Memorandum and Order (Docket No. 5) (entered May 9, 2013) (ordering that: "[p]laintiff is advised that he could be subject to sanctions should he make any additional submissions to this Court concerning the alleged actions, or inactions, of the defendants in connection with the 1992 civil action."). [3]

In this case it is abundantly clear that Orekoya again seeks to raise claims that have previously been brought and rejected by this Court on a number of occasions, despite several admonitions not to waste judicial resources by asserting frivolous and abusive claims arising

---

[3] Notably, in a civil case brought by Orekoya against James Mooney and the United States Secret Service in 2007, this Court imposed a $500.00 sanction, payable to the United States Attorney, due to his "persistence in reiteraing [claims] after they have been exhaustively addressed [whic] has risen to the level of abuse of process and a waste of judicial resources...." Orekoya v. Mooney, et al., Civil Action No. 07-10768-NMG, Memorandum and Order (Docket No. 28) (entered February 4, 2008).

from 20 years ago.[4]  In light of Orekoya's continued abusive litigation practices, the time has come to impress upon him that the Court will not tolerate any further non-compliance with its directives.  His non-compliance results in a waste of judicial resources, to the detriment of other litigants in this Court.

At this juncture, the Court considers the only way to do so is to impose sanctions, including a dismissal of this action, a further Order enjoining Orekoya, and a monetary sanction of $1,000.00 against him.

With respect to the monetary sanctions, this Court deems this amount to be a relatively modest sanction given Orekoya's egregious pleading practices, yet it is sufficient at this time to send a message to Orekoya.  In connection with his 2013 case, this Court indicated the intention to impose that amount should Orekoya fail to demonstrate good cause why he should not be sanctioned $1,000.00.  Accordingly, the $1,000.00 sanction shall be payable by Orekoya to the Clerk of the United States District Court for the District of Massachusetts within 30 days of the date of this Memorandum and Order.

Further, Orekoya is <u>ENJOINED</u> from filing any pleadings, complaints, or otherwise unreasonable filings with this Court, against his former attorneys or firms, that are related directly or indirectly to claims previously asserted in this Court from 1992 to date, unless he first obtains permission of a judicial officer to file.  Orekoya is <u>WARNED</u> that, in the future,  non-compliance with this Memorandum and Order will be deemed to be contumacious in nature, and may result in further sanctions, including additional monetary sanctions and/or the institution of contempt proceedings against him.

Next, as a further sanction, this action is <u>DISMISSED</u> <u>with</u> prejudice as frivolous, malicious, vexatious, and abusive.

Finally, for the reasons stated herein, Orekoya's Motion for Summary Judgment (Docket

---

[4]As an additional matter, from the face of the complaint it is crystal clear that his civil rights and tort claims are time-barred.

No. 12) and his Motion for Relief from Order (Docket No. 15) are without merit, and are DENIED.

## Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff is SANCTIONED $1,000.00 (one thousand dollars). He shall pay to the Clerk of the United States District Court for the District of Massachusetts, the $1,000.00 sanction within 30 days of the date of this Memorandum and Order.

2. Plaintiff is ENJOINED from filing any pleadings, complaints, or otherwise unreasonable filings with this Court, against his former attorneys or firms, that are related directly or indirectly to claims previously asserted in this Court, unless he first obtains permission of a judicial officer to file.

3. Plaintiff is WARNED that, in the future, non-compliance with this Order will be deemed to be contumacious in nature, and may result in further sanctions.

4. Plaintiff's Motion for Summary Judgment (Docket No. 12) is DENIED.

5. Plaintiff's Motion for Relief from Order (Docket No. 15) is DENIED.

6. This action is DISMISSED in its entirety with prejudice.

SO ORDERED.

 /s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated: September 16, 2015